1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JESSE CASTRO,                                    No. 2:23-cv-1463-EFB (PC)

12                  Plaintiff,

13           v.                                         ORDER

14    SOLANO COUNTY JAIL,

15                  Defendant.

16

17

18           Plaintiff is a county inmate proceeding without counsel in an action brought under 42

19    U.S.C. § 1983.  In addition to filing the initial complaint, plaintiff has filed an amended complaint

20    and requests to proceed in forma paupers.  ECF Nos. 3, 4, 10.  The court will grant the in forma

21    pauperis application and screen the amended complaint, which supersedes the original.

22                              Leave to Proceed In Forma Pauperis

23           Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

24    Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

25    and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

26    § 1915(b)(1) and (2).

27    ////

28    ////

                                                    1

1                                    Screening Standards

2          Federal courts must engage in a preliminary screening of cases in which prisoners seek

3    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

5    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

6    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

7    relief."  *Id.* § 1915A(b).

8          A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

9    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

10   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

11   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

12   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

13   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

14   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

15   U.S. 662, 679 (2009).

16         To avoid dismissal for failure to state a claim a complaint must contain more than "naked

17   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

18   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

19   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

20   678.

21         Furthermore, a claim upon which the court can grant relief must have facial plausibility.

22   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

23   content that allows the court to draw the reasonable inference that the defendant is liable for the

24   misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

25   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

26   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

27   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

28   ////

                                                  2

Screening Order

Plaintiff alleges that, while incarcerated in the Solano County Jail, he was provided with a stained mattress that lacked padding, had holes, and smelled of urine.  ECF No. 3.  Despite repeated requests for a new mattress, plaintiff was denied.  *Id.*  This caused plaintiff to lose sleep, suffer psychologically, and suffer back pain.  *Id.*

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions-of-confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety."  *Johnson v. Lewis*, 217 F.3d 726, 731-32 (9th Cir. 2000) (quotations and citations omitted).

"The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred.  The more basic the need, the shorter the time it can be withheld."  *Johnson*, 217 F.3d at 731 (internal quotation marks and citations omitted).  Here, plaintiff's complaint does not say how long he was denied a proper mattress.  Without that information, the court cannot determine whether plaintiff has stated a cognizable claim for violation of the Eighth Amendment.

In addition, plaintiff sues only the Solano County Jail.  He does not identify any individual responsible for the alleged constitutional violation.  A municipal entity, like the jail, cannot be held liable under § 1983 solely because it employs an individual who violated the Constitution.  *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404-05 (1997).  If plaintiff wishes to impose liability on the jail (rather than, or in addition to, individual persons responsible for denying him a proper mattress), he must identify a county or jail policy or custom that caused him to be denied the mattress.  *Id.*

Plaintiff will be given the opportunity to amend his complaint to cure the deficiencies identified herein.

3

Leave to Amend

Plaintiff's complaint is dismissed with leave to amend.  If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).   The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights.  The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

////

////

////

4

1                                                        Conclusion

2          Accordingly, IT IS ORDERED that:

3          1.    Plaintiff's application to proceed in forma pauperis (ECF Nos. 4, 10) is GRANTED;

4          2.    Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

5                accordance with the notice to the custodial agency filed concurrently herewith;

6          3.    Plaintiff's amended complaint (ECF No. 3) is DISMISSED with leave to amend

7                within 30 days from the date of service of this order; and

8          4.    Failure to comply with this order may result in dismissal of this action for the reasons

9                stated herein.

10

11   Dated: November 28, 2023

12                                                      EDMUND F. BRENNAN
                                                        UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28